that the tug has been compelled to pay the damages caused by the collision.

Let a decree be entered for libellants for the value of the iron lost, to be calculated by the clerk. As other evidence was given in this court, materially affecting the cause, the appellants will not be allowed costs in this court.

## Case No. 4,501.

The ENTERPRISE v. UNITED STATES.

## Case No. 4,502.

The ENTIRE.

[5 Adm. Rec. 477.]

District Court, S. D. Florida. Feb. 14, 1856.

W. R. Mackley, for libellants.
S. J. Douglas, for respondent.

MARVIN, District Judge. This schooner had lost all her sails and rigging and both masts, except a gaff topsail and the stump of the foremast; in this condition she had crossed the Gulf from near Matauzas, had made the Florida coast about twelve miles to the eastward of the Key West light, and was running along, outside of the reef, with the intent of coming into this port, when the steamer Isabel hove in sight. The captain hoisted his colors, and the steamer turned a little out of its nearest course, and took the schooner in tow, and brought her into port. The steamer, by this service, was delayed about an hour, and broke two warps or hawsers. At the time the steamer hitched on to the schooner, she was about three-quarters of a mile distant from the east end of the Western Samboes, in the Gulf. The master knew his position from his coast pilot, and from having often sailed along the coast. He had already passed the Eastern and Middle Samboes. The schooner with a fair wind, and the wind was fair to come into the ship channel, was under good command, and made about three knots an hour through the water. There was a strong wind blowing.

The whole case shows, I think, that the schooner was not in much danger, but was in distress, and the assistance rendered by the Isabel was very useful, and very timely, and should be fairly and reasonably compensated. The compensation however, ought to be much less in amount than an ordinary salvage, for the reason already given, that the services rendered were not, strictly speaking, salvage services, inasmuch as the schooner was not in much if any, danger of loss. The vessel and cargo may be estimated at $12,000, and in my opinion $800 is a reasonable compensation to be allowed for the service. It is therefore, ordered, adjudged, and decreed, that the libellants recover, in full compensation for their services rendered said schooner entire and cargo, the sum of eight hundred dollars and the costs and expenses of this suit, and that upon payment thereof the marshal restore said schooner and cargo to the master thereof, for and on account of whom it may concern.

## Case No. 4,503.

ENTWISLE v. BUSSARD.

[2 Cranch, C. C. 331.] [1]

Circuit Court, District of Columbia. May Term, 1822.

Mr. Swann, for plaintiff,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]